**Gregory MITCHELL, Sr.,
Petitioner–Appellant,**

v.

**A.C. NEWLAND Respondent–Appellee.**

No. 01–15658.

D.C. No. CV–96–02135–LKK

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided July 11, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## ORDER

Appellant's motion to recall the mandate and re-issue the memorandum disposition is GRANTED. The mandate shall be recalled forthwith. We hereby vacate the memorandum disposition filed in this case on March 21, 2002 and order that the memorandum disposition be re-issued on the date of this order. Judge Fernandez dissents from this order.

## MEMORANDUM *

Gregory Mitchell appeals the district court's denial of his habeas corpus petition alleging that he is entitled to relief under AEDPA, 28 U.S.C. § 2254, on three grounds. First, he contends that his con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

stitutional right to equal protection was violated when the prosecution used a peremptory challenge to remove the only African–American prospective juror from the jury pool in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Second, he argues that he was denied effective assistance of appellate counsel because his attorney failed to obtain the voir dire transcript from his trial and failed to raise a *Batson* challenge on appeal. Third, he alleges that the trial court's failure to give the jury his requested "defense of others" instruction violated his due process rights. We affirm.

## A. *Batson* Challenge

■ In order to establish an equal protection violation under *Batson v. Kentucky,* 476 U.S. at 98, Mitchell must prove that the prosecutor intentionally discriminated on the basis of race when exercising his peremptory challenges. *See also Copperwood,* 245 F.3d 1042, at 1045 (2001). Mitchell has not met that burden in this case.

The prosecutor gave two neutral reasons for striking the one African–American prospective juror. First, she was the only prospective juror with relatives living in the area in which the crime occurred and, according to the prosecutor, other residents in that area had already been pressured with respect to the case. Second, the prospective juror stated on her jury questionnaire that she was uncertain whether minorities were treated fairly by the legal system in this nation. *See Tolbert v. Gomez,* 190 F.3d 985, 989 (9th Cir.1999) ("Challenging a prospective juror on the basis of his expressed opinions about the judicial system does not violate *Batson*.").

Mitchell failed to show that these reasons were pretextual. Although some other prospective jurors expressed similar doubts about the justice system's treatment of minorities, none of the other jurors who expressed doubts had relatives living in the same area in which the crime occurred. Nor do the prosecutor's proffered reasons for striking the African–American prospective juror appear illogical or unpersuasive. Thus, Mitchell failed to carry his burden of showing that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes.

## B. Ineffective Assistance of Appellate Counsel Claim

■ Assuming that Mitchell's appellate counsel performed deficiently by failing to obtain a voir dire transcript and failing to pursue a *Batson* challenge, there was no prejudice to Mitchell as a result. The state court would have rejected the *Batson* challenge for the same reason we do. Thus, Mitchell cannot establish an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## C. Failure to Give Requested "Defense of Others" Jury Instruction

■ Because Mitchell presented at least a scintilla of evidence to support his contention that he shot Marcus Walker while attempting to defend the life of his pregnant girlfriend, the trial court erred when it failed to give the jury a "defense of others" instruction. *See United States v. Sanchez–Lima,* 161 F.3d 545, 549 (9th Cir.1998) (holding that a defendant is entitled to a jury instruction on a defense theory if "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility"); *United States v. Streit,* 962 F.2d 894, 898 (9th Cir.1992) (same). However, the state court's error did not rise to the level of a due process

violation. *See Cooks v. Spalding,* 660 F.2d 738, 739 (9th Cir.1981) ("Violations of state law, without more, do not deprive a defendant of due process."); *see also Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (holding that a more egregious error is required to merit habeas relief premised on an omitted or erroneous instruction when habeas relief is being sought than when relief is sought on direct appeal). Given the facts of this case and the trial court's instruction to the jury about the law of self-defense, the failure to give a "defense of others" instruction did not "so infect[ ] the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.